[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL ORDER TO MEMORANDUM OF DECISION
On March 29, 1995, the court filed a memorandum of decision with respect to the parties' motions for judgment and objections to the report of the attorney trial referee. At that time, the court withheld rendering judgment pending the receipt of the attorney trial referee's articulation which, contemporaneously, the court ordered. That articulation having been filed:
1. In Appleberg, Inc. v. Robert DeSalle, Sr., Et Al No. 278723 judgment may enter for the defendants Robert DeSalle, Sr. in accordance with the report of the attorney trial referee.
2. In Appleberg, Inc v. Robert DeSalle, Sr. Et Al, No. 278723 judgment may enter in favor of the plaintiffs against the defendant Robert DeSalle, Jr. for one dollar, nominal damages.
3. In Robert T. DeSalle, Sr. v. A-1 Sign Co., Inc. Et Al, No. 284262, judgment may enter for the plaintiff Robert T. DeSalle, Sr. in the amount of $508,901.58, in accordance with the report of the attorney trial referee plus legal interest in the amount of $66,500 from the date of that report to this date.
4. Interest pursuant to General Statutes § 52-192a on the offer of judgment is disallowed since it was not filed "before trial." CT Page 7544
5. In No. 284262, the court orders that defendants Martin O'Neill and David Quatrella execute the appropriate stock powers and deliver the stock certificates of E-Lite Technologies, Inc. to the plaintiff Robert T. DeSalle, Sr. in accordance with the provisions of the parties escrow agreement.
6. With respect to the claim of A-1 Sign, Inc., that Robert DeSalle, Jr. breached his employment agreement, further proceedings are ordered before another attorney trial referee consistent with the court's March 23, 1995 memorandum of decision. Attorney Fracassini no longer is assigned an attorney trial referee in this judicial district and the court infers from the magnitude of this file, the number of exhibits, and the complexity of the numerous issues that this matter was unduly and unfairly burdensome to him.
Judgment shall enter in accordance with the foregoing.
BY THE COURT, LEVIN, JUDGE